## Pace, Appellant, v. Hoban.

*Husband and wife—Ejectment—Trespass—Mesne profits—Liability of husband.*

An action of trespass cannot be maintained against a husband to charge him with mesne profits for which a recovery was had against his wife, on the ground that the defendant had aided, abetted and assisted his wife in disseizing the plaintiff, where the evidence fails to show that defendant had acted in concert with his wife, or that he had collected rents for him-

self, or had participated in the management of the property, other than to make some repairs upon it.

In such a case the fact that the husband testified for his wife in the action of ejectment against her, raises no presumption of liability against him for mesne profits.

Argued Jan. 11, 1905.   Appeal, No. 18, Jan. T., 1905, by plaintiff, from order of C. P. Luzerne Co., June T., 1898, No. 305, refusing to take off nonsuit in case of W. L. Pace, Administrator of John McLaughlin, deceased, v. Michael J. Hoban. Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.   Affirmed.

Trespass for mesne profits.   Before Wheaton, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in refusing to take off nonsuit.

*John McGahren*, with him *W. L. Pace*, for appellant.—Any person who is present at the commission of the trespass, encouraging or exciting the same by words, gesture, looks, signs or in any way, or by any means countenances and approves the same, is in law deemed to be an aider and abettor, and is liable as principal; and proof that a person is present at the commission of trespass without disapproving it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, and lent to it his countenance and approval, and was thereby aiding and abetting the same : Greenleaf Ev. sec. 41; Brown v. Perkins, 83 Mass. 89; Schwab v. Bickel, 11 Pa. Superior Ct. 312; Hower v. Ulrich, 156 Pa. 410.

We will cite a few of the many authorities which abundantly show that liability for a trespass or tort may arise even without active participation in it : Jaggar on Torts, 210; Troxell v. Stockberger, 105 Pa. 405; Drake v. Kiely, 93 Pa. 492; McCloskey v. Powell, 123 Pa. 62; McMurtrie v. Stewart, 21 Pa. 322; Brown v. Perkins, 83 Mass. 89; Frantz v. Lenhart, 56 Pa. 365.

*John T. Lenahan*, with him *James L. Lenahan*, for appellee.

—Giving the evidence adduced by plaintiff its utmost effect it is not nearly so powerful or persuasive as that in Appeal of Franklin's Admr., 115 Pa. 534.

OPINION BY HENDERSON, J., March 14, 1905 :

The plaintiff recovered in an action of ejectment from Bridget Hoban, who claimed title to the land in question under deed from one Barrett. The verdict included a sum for mesne profits. This action was brought against the defendant, who is the husband of Bridget Hoban, to charge him with the rents, issues and profits for which a recovery was had against his wife, on the ground that the defendant aided, abetted and assisted his wife in disseizing the plaintiff. Or, to state the plaintiff's position in the language of his counsel, " We do not base our claim against him solely on the ground of relationship with his wife, but rather because of his concerted action with her in ousting the owner from his possession." At the close of the plaintiff's testimony, the court directed a compulsory nonsuit, for the reason that the plaintiff had failed to show any such participation by the defendant in his wife's possession of the premises, and concert of action with her in excluding the plaintiff, as was necessary to maintain the action. After a careful examination of the evidence, we concur in the conclusion of the trial judge.

The evidence shows that Patrick Curley went into the possession of the premises in 1890 as a tenant of Bridget Hoban, under a written lease ; that he remained as her tenant until April, 1897 ; that he paid the rent to her; that in April, 1897, he commenced to pay rent to John McLaughlin, whose estate the plaintiff represents ; that one McGinty succeeded him as tenant, presumably of McLaughlin. It nowhere appears in the case that the defendant in any way abetted or encouraged his wife in the occupancy of the premises. There was evidence that at some time during Curley's tenancy, the defendant made some repairs on the premises for his wife. It does not appear that this was done within six years prior to the bringing of this action, nor were the acts such as might not have been done by the husband or by a stranger without subjecting himself to liability as a tort feasor. It was not shown that he received any rent or in any way participated in the

management of the property. He testified in the action of ejectment, when called as a witness for his wife, that he treated the property as one of his own. This answer, however, had reference to the preceding examination in regard to an account and receipts, and the answer was given as a reason why he had not taken care of his account and receipts. Believing the property to belong to his wife, he had acted in the premises with reference to the cost of repairs as if it were his own. This comes very far short of showing that he claimed the property, or that he had managed it as his own. It means that he had not been particular about keeping the accounts and receipts as he might have done if the property had belonged to some other person than his wife. No presumption of liability arises from the fact that the defendant appeared as a witness for his wife in the trial of the action of ejectment. He was subject to subpœna as a witness, whether actually subpœnaed or not, and his appearance as a witness was entirely consistent with his present claim of exemption from liability.

In the view which we take of the evidence, there was an entire failure to make such a prima facie showing on the part of the plaintiff as would have entitled him to a verdict if not rebutted by the defendant.

The judgment is affirmed.